# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAIME JOHNSON,

    Plaintiff,

v.                                                                 Case No. 24-CV-261

LISA MIRAMONTES, and
ONIEDA COUNTY SHERIFF'S DEPT.,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On February 28 2024, plaintiff Jaime Johnson, who is incarcerated at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee, (ECF No. 2), and a motion to amend the amount of damages, (ECF No. 7.) This order resolves his motions and screens his complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Johnson was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds

exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 28, 2024, Johnson filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2) On March 1, 2024, the court ordered Johnson to pay an initial partial filing fee of $14.12. (ECF No. 5.) Johnson paid that fee on March 21, 2024. The court will grant Johnson's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Johnson was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v.*

2

*Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that on October 10, 2023, while incarcerated at the Oneida County Sheriff's Department, defendant Corrections Officer Lisa Miramantes did not use the proper procedure for holding inmate restraints while transporting Johnson back to his cell. (ECF No. 1 at 2.) As a result, when Miramantes pulled

3

Johnson, he fell and hit his head on the floor. (*Id.* at 3.) Johnson required five stitches and has "permanent decreased facial movement." (*Id.*) He also experiences persistent headaches. (*Id.* at 4.)

*Analysis*

Johnson potentially has a viable claim under the Eight or Fourteenth Amendment, but he does not allege how Miramantes actions amounted to either objective unreasonableness or deliberate indifference instead of mere negligence. As such, the court will provide Johnson an opportunity to amend his complaint to include these details.

Accordingly, if Johnson so chooses, he may file an amended complaint by **June 13, 2024,** and provide the details as described above. He is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Johnson's failure to state a claim in his original complaint. The court will enclose an amended complaint form along with this decision. Johnson must use the form. If he needs more space, he may attach up to five additional pages.

**THEREFORE, IT IS ORDERED** that Johnson's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Johnson may file an amended complaint that complies with the instructions in this order on or before **June 13, 2024.** If Johnson files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Johnson does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Johnson a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that Johnson's motion to amend the complaint to change the damages amount (ECF No. 7) is **DENIED as moot**. Johnson may include those changes in his amended complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Johnson shall collect from his institution trust account the $335.88 balance of the filing fee by collecting monthly payments from Johnson' prison trust account in an amount equal to 20% of the preceding month's income credited to Johnson' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Johnson is transferred to another county, state, or federal institution, the transferring

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Johnson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk of Courts
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Johnson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Johnson is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Johnson' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Johnson may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

7

Case 2:24-cv-00261-NJ   Filed 05/23/24   Page 7 of 7   Document 9